IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

DARIUS ARMUND CHANEY

NO. 2:25-CR-022-Z (01)

## FACTUAL RESUME

In support of Darius Armund Chaney's plea of guilty to the offense in Count Two of the Indictment, Chaney, the defendant, Michael J. Todd, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is, Possession with Intent to Distribute 40 Grams or More of Fentanyl, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact fentanyl;

*Third.*   That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*   That the quantity of the substance was at least 40 grams or more of fentanyl.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Darius Armund Chaney**
**Factual Resume—Page 1**

any financial interest in the transaction.

## STIPULATED FACTS

1. On or about February 24, 2025, in the Amarillo Division of the Northern District of Texas, the Southern District of Texas, and elsewhere, Darius Armund Chaney, defendant, did knowingly or intentionally possess with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

2. On February 24, 2025, Amarillo Police Department (APD) officers observed a ~~black~~ Infinity traveling east in the 2700 block of SW 27th, Amarillo, Texas. Officers observe the vehicle fail to signal in required distance of a turn at SW 26th and Paramount Boulevard, which is a violation of Texas Transportation Code. Officers initiated a traffic stop of the vehicle. Darius Armund Chaney was identified as the driver and sole occupant of the vehicle. During a records check, officers discovered that Chaney had an outstanding warrant out of Dallas County.

3. Officers placed Chaney under arrest for his outstanding warrant. During a search incident to arrest, officers located 3.7 gross grams of suspected methamphetamine in Chaney's pocket. Officers then conducted a probable cause search of Chaney's vehicle. During the search, officers located $1,635 in the center console and two cell phones.

4. Officers conducted an interview of Chaney on scene. An officer read Chaney his *Miranda* warnings. Chaney waived his rights and agreed to make a statement. During the interview, Chaney told officers that he was staying at an apartment

located at 2805 SW 28th #225, Amarillo, Texas. Chaney stated that he had approximately one ounce of methamphetamine and a gun inside of the apartment.

5. Officers transported Chaney to Amarillo Police Department to continue his interview. After Chaney was placed in an interview room, officers located a baggie containing seven blue round M30 fentanyl pills on the floor. Officers had checked the interview room for contraband prior to placing Chaney in the room. A later review of the room's camera revealed that Chaney readjusted in his seat and the baggie of pills fell from his pocket.

6. Officers obtained and executed a search warrant on Chaney's apartment. During the search, officers located several firearms: a Taurus, model G3 E23C, 9mm caliber pistol, serial number AEH649150; a Bursa, model Thunder, .380 caliber pistol, serial number 957365; a Smith and Wesson, .38 revolver, serial number ACV8115; and a Smith and Wesson, model SWAVE, 9mm caliber pistol, serial number PBC1923 were located. Officers also located ~~560.3~~ 232 gross grams of suspected methamphetamine, ~~23.64~~ 3.07 gross grams of suspected cocaine, 239.73 gross grams of blue fentanyl pills, and 25.57 gross grams of marijuana. Officers located approximately $17,460.00 in U.S. currency in a black safe in Chaney's bedroom.

7. APD officers conducted a second interview with Chaney. Chaney was read his *Miranda* warnings again, and he agreed to speak with officers a second time. Chaney told officers that they would likely find an ounce of methamphetamine in his room, along with a revolver and a few pills. Officers confronted Chaney about the discovery of a large amount of methamphetamine and additional firearms found inside

Darius Armund Chaney
Factual Resume—Page 3

the apartment. Chaney stated that the additional methamphetamine should not have been there because he had given it to his roommate, who was supposed to sell it. Chaney admitted to keeping guns in his apartment so he does not get killed or robbed when meeting with customers. Chaney admitted to buying fentanyl pills for $15 apiece and selling them for $30. When asked about the large quantity of fentanyl pills located in the apartment, Chaney stated that his source of supply asked him to hold the pills. Chaney estimated that there were 1,800 pills inside a container that he was supposed to deliver back to his source. When asked about the U.S. currency, Chaney stated that half of the money is proceeds from selling methamphetamine ~~and the other half he had saved to purchase additional methamphetamine from his source of supply.~~

8. The suspected fentanyl was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, fentanyl, a Schedule II controlled substance. The substance had a total net weight of 238 grams.

9. Chaney admits that he knowingly possessed with intent to distribute 40 grams or more of a controlled substance, namely fentanyl, a Schedule II controlled substance.

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

11. The defendant further admits and agrees that the above-described firearms, along with any ammunition, magazines and/or accessories recovered with the firearms, the above-described currency, and the cellphones and other property seized by the APD on February 24, 2025, represent proceeds that the defendant obtained, directly or indirectly, as a result of his commission of this offense and are subject to forfeiture, pursuant to 21 U.S.C. § 853(a).

AGREED TO AND STIPULATED on this 12th day of July, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
Darius Armund Chaney
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Michael J. Todd
Attorney for Defendant

Darius Armund Chaney
Factual Resume—Page 5